Lawrence E. DELOACH, Appellant,

v.

Togo D. WEST, Jr., Secretary Of Veterans Affairs, Appellee.

No. 97–1143.

United States Court of Appeals for Veterans Claims.

July 15, 1999.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

**ORDER**

PER CURIAM:

The pro se veteran, Lawrence E. Deloach, appeals from the March 18, 1997, decision of the Board of Veterans' Appeals (Board or BVA) which denied entitlement to increased ratings for postoperative residuals of a left acromioclavicular separation with traumatic arthritis, residuals of a left knee injury, residuals of a right knee injury, lumbosacral strain, and arthritis of the carpal bones of the right hand, and which also denied entitlement to a total rating by reason of individual unemployability. The veteran has filed (1) an informal brief in which he appeals all issues and requests the Court to remand for a revised decision, (2) a request for an injunction and summary judgment based upon the Secretary's not filing a responsive brief on time, and (3) a request to prohibit the Secretary's submission of a brief and to deny the Secretary's motion for remand. The Secretary properly filed for extensions, and responded to the veteran's informal brief with a motion to vacate the March 1997 BVA decision and remand the case in its entirety.

The veteran had active service from February 1967 to December 1970, and from January 1971 to May 1974, and was honorably discharged. Record (R.) at 17, 19. In a rating decision dated September 9, 1974, service connection was granted for arthritic changes of the carpal bones of the right hand, residuals of a left knee injury, chronic lumbosacral strain with narrowing of the L5–S1 interspace, and hemorrhoids. R. at 195–97. A September 23, 1975, rating decision granted service connection for residuals of a right knee injury and sinusitis. R. at 210–11. Service connection was granted for a shoulder separation in a rating decision dated July 21, 1983. R. at 228–29.

The veteran has complained of pain in his joints since at least 1992. See R. at 307, 313, 328–30, 372, 379, 389, 456, 472, 474, 527, 543, 590. He also has some psychiatric disabilities which are not service connected (R. at 410–12), hypertension (R. at 428), and Type II diabetes mellitus (R. at 535). He had an August 1995 VA medical examination which found little by way of orthopedic disabilities. R. at 590–93.

The Secretary has moved for the entire BVA decision now on appeal to be vacated and for the case to be remanded based on (1) VA's failure to perform its duty to assist the veteran by providing an adequate medical examination, (2) VA's failure to apply the provisions of 38 C.F.R. §§ 4.40 and 4.59 and *DeLuca v. Brown,* 8 Vet.App. 202 (1995), with respect to the issue of pain, and (3) VA's failure to review the veteran's claim file to fully understand the nature of his disabilities. The Secretary has also conceded that the issue of a total rating based upon individual unemployability is inextricably intertwined with the other ratings and must be considered upon remand. These concessions by the Secretary accurately reflect the errors in the BVA decision on appeal and address all of the arguments made by the veteran in his informal brief, although the veteran would have the Court grant his increases rather than remand the case.

In its decision, the Board noted that the veteran had raised the issue of clear and unmistakable error (CUE) in a September 1989 Board decision. The Board should now reconsider its response to this issue in light of 38 U.S.C. § 7111, effective November 21, 1997, permitting CUE challenges to BVA decisions.

Upon consideration of the foregoing, it is

ORDERED that the veteran's September 22, 1998, motion for an injunction and for summary judgment, and his June 22, 1999,

request for prohibition are denied, and it is further

ORDERED that the Secretary's motion for remand is granted, the March 18, 1997, BVA decision is VACATED, and the matter is REMANDED to the Board for further development and readjudication consistent with the Secretary's motion for remand and this order.